DECISION
Plaintiff has appealed the late filing penalty Defendant imposed for failing to sign his personal property return for the 2007-08 tax year. The appeal involves a constitutional challenge to the declaration requirement on the personal property return that taxpayers are required to submit each year. The parties presented written arguments regarding the penalty and submitted the matter to the court for determination.
 I. STATEMENT OF FACTS
Plaintiff is a metal worker who owns and operates his own business. Plaintiff has a machine shop with taxable personal property, identified by assessor's Account .8174. Plaintiff has, for years, filed the statutorily required personal property return with a detailed listing of the taxable personal property inventory used in his business and the estimated value of that property. The form that Plaintiff has used is designed by the Oregon Department of Revenue (department) and provided each year by Defendant. There have been changes made to the form over time, including a requirement added perhaps eight years prior to2007 (calendar year 1999 or 2000) that the taxpayer sign a "Taxpayer's Declaration," which reads: *Page 2 
 "Invalid if not signed. Under the penalties of false swearing in ORS 305.990(4), I declare that I have examined this return and all attachments. All statements made are true. To the best of my knowledge, all taxable personal property I own, possess, or control, which was in this county as of 1 A.M., January 1 has been reported."
Or. Dept. Rev. Form 150-553-004 (Rev. 10-06) (Emphasis in original.)
That statement in the form is delineated by a box that includes space for the taxpayer to provide a name, e-mail address, assumed business name, telephone number, mailing address, fax number, the city, state, and zip code for the business, and a signature of the person responsible for the return, and for the date the form is signed.
Plaintiff continued to submit personal property returns each year following the change in the form, but did not sign the declaration. That practice continued for several years. In 2007, which is the year at issue, Plaintiff submitted his return, with the declaration crossed out, and in the signature block wrote "I don't swear." Plaintiff's return was otherwise complete and included a lengthy and detailed listing of property owned, property disposed of, and equipment acquired in 2006 (i.e., new additions).[1] The form was filed approximately six weeks after the due date (on April 13, 2007). According to its Answer, Defendant spoke with Plaintiff over the phone regarding the declaration and signature requirement. Defendant then contacted the department. Based on a conversation that Defendant had with a Department employee, Defendant sent Plaintiff's return back to him with a letter dated April 17, 2007. That letter reads as follows:
 "After speaking with Syndi Gates, Personal Property Analyst for the Oregon Department of Revenue, it was determined that without a signature the Personal Property Return is not completed. If you do not sign this return and have it postmarked prior to June 2nd, your penalty will be 25% of the tax. If not signed *Page 3 
and postmarked prior to August 2nd, your penalty will be 50% of the tax."
(Emphasis added.)
Plaintiff did not resubmit his personal property return, and Defendant imposed a penalty equal to 50 percent of the tax, based on its determination that an unsigned return was deemed a return not filed. Defendant did, however, use the information in Plaintiff's 2007 return to determine the value of his taxable personal property. That information generated an increase in the real market value from $92,551 to $123,321. (Ptf's Compl at 19.)
Plaintiff has appealed the penalty on religious grounds, asserting that various passages of the Bible prohibit a Christian from swearing or signing an oath. Moreover, Plaintiff contends that Defendant's rejection of his return is in direct violation of the free exercise clause of theFirst Amendment to the United States Constitution, and various provisions of the Oregon Constitution — namely Article 1, section 2 (freedom of worship) and section 3 (freedom of religious opinion). Plaintiff requests the court abate the 50 percent late filing fee, assess a late filing fee of five percent (the amount applicable to a return filed after the March 1 deadline but before April 15), refund the difference, and award court costs, attorney's fees, and other expenses incurred. Defendant requests that the court uphold the 50 percent penalty because Plaintiff is required by law to sign his personal property return and he failed to do so.
 II. ANALYSIS
A. Statutory Return Requirements
Every taxpayer with taxable personal property must file with the county assessor each year a personal property return on or before March 1. ORS 308.290(1)(a).[2] Information required on the return, which has been developed by the department, includes a statement of the property's *Page 4 
value and a listing of any additions or retirements made since the prior January 1, with related costs. The statute also requires the taxpayer to swear or affirm that statements in the return are true.[3] The operative language is found in ORS 308.290(2)(c), and provides in relevant part as follows:
 "There shall be annexed to each return the affidavit or affirmation of the person making the return that the statements contained in the return are true. All returns shall be in such form as the assessor, with the approval of the Department of Revenue, may prescribe." (Emphasis added.)
To aid in complying with that requirement, the department has added a section in the return for the taxpayer to sign a declaration declaring "[u]nder penalties of false swearing in ORS 305.990(4)" that the return has been examined and "[a]ll statements made are true[,]" and that "[t]o the best of my knowledge, all taxable personal property I own, possess, or control, which was in this county as of 1:00 A.M., January 1 has been reported."
Plaintiff crossed out the declaration and, instead of signing in the appropriate place, wrote in the signature block the words "I don't swear." The return was dated April 11, 2007, and received by Defendant on or about April 13, 2007.
B. Late Filing Penalty Statute
Taxpayers who fail to file a return on or before the March 1 deadline each year "shall be jointly and severally subject to the provisions of ORS 308.296." ORS 308.290(1)(a). ORS 308.296 provides in relevant part:
 "(1) Each person, firm, corporation or association required by ORS 308.290 to file a return reporting only taxable personal property, who or which has not filed a return within the time fixed in ORS 308.290 or as extended, shall be subject to a penalty as provided in this section. *Page 5 
 "(2) A taxpayer who files a return to which this section applies after March 1, or after April 15, if the taxpayer received an extension, but on or before June 1, is subject to a penalty equal to five percent
of the tax attributable to the taxable personal property of the taxpayer."
 "* * * * *
 "(4) After August 1, a taxpayer who files a return to which this section applies or who fails to file a return shall be subject to a penalty equal to 50 percent of the tax attributable to the taxable personal property of the taxpayer."
(Emphasis added.)
Defendant determined that Plaintiff had not filed a return and imposed the full 50 percent penalty.
C. The Positions of the Parties
The court understands Plaintiff to make two arguments: (1) a return was filed on April 13, 2007, and under ORS 308.296(2), the penalty should be only five percent of the tax; (2) the requirement that a taxpayer swear an oath that the statements in the return are true violates his federal constitutional right to freely exercise his religion, and his state constitutional rights to freedom of worship and freedom of religious opinion. Defendant disagrees, insisting that the 50 percent penalty is appropriate because Plaintiff was required to sign the return in order for it to be deemed validly filed.
D. Did Plaintiff file a return?
ORS 308.290(1)(a) requires owners of taxable personal property to make a return each year. Subsection (2)(c) of that statute, which contains the requirement of an affidavit or affirmation, further provides that "[a]ll returns shall be in such form as the assessor, with the approvalof the Department of Revenue, may prescribe." (Emphasis added.) *Page 6 
The return that Plaintiff filed with Defendant provides a space for the "Signature of [the] Person Responsible for [the] Return," and specifically provides that the return is "[i]nvalid if not signed." Those requirements are part of the form required by the assessor and approved by the Department of Revenue (department) and, as such, must by statute, be complied with. Plaintiff failed to sign the return. However, the court must review Plaintiff's constitutional claims before determining whether Plaintiff did, or did not, actually file a return. For the reasons set forth below, the court concludes Plaintiff did file a return.
E. Does either the statute or state-provided reporting form violatePlaintiff's constitutional rights?
Plaintiff objects on state and federal constitutional grounds to both the statutory requirement of an "affidavit or affirmation" provided in ORS 308.290(2)(c), and the jurat-declaration on the blank return form he is required to complete, sign, and return to Defendant declaring "[u]nder the penalties of false swearing in ORS 305.990(4)" that "[a]ll statements made [on the return] are true." Plaintiff does not object to the requirement that he file a return, or that he be required to provide accurate information, both of which he appears to have done. Rather, Plaintiff objects to the "swearing" requirement on the state's form as contrary to his religious beliefs. The court will address the state constitutional issues first.
Article I, sections 2 and 3, of the Oregon Constitution, provide:
 "(2) All men shall be secure in the Natural right, to worship Almighty God according to the dictates of their own consciences.—
 "(3) No law shall in any case whatever control the free exercise, and enjoyment of religeous [sic] opinions, or interfere with the rights of conscience.-"
Those constitutional protections guarantee freedom of worship and freedom of religious opinion. The Oregon Supreme Court has noted that "[t]hese provisions are obviously worded *Page 7 
more broadly than the federal First Amendment, and are remarkable in the inclusiveness and adamancy with which rights of conscience are to be protected from governmental interference." Meltebeke v. Bureau of Laborand Industries, 322 Or 132, 146, 903 P2d 351 (1995). The lower court explained that the rights afforded by sections 2 and 3 "are based on the notion that individuals are entitled to hold different religious beliefs and to express their opinions about those beliefs without constraint by the government." Meltebeke v. Bureau of Labor and Industries,120 Or App 273, 284, 852 P2d 859 (1993), aff'd 322 Or 132 (Edmonds, specially concurring) (Meltabeke). Those guarantees, however, are not absolute.
The Oregon Court of Appeals noted in Meltebeke:
 "When, as in this case, the enforcement of a law does not always burden religious freedom, but may in some cases, the interference with religious freedom is incidental, rather than direct. The standard we apply to evaluate such laws is clear:
 "`The state may justify [an incidental] limitation on religion by showing that it is essential to accomplish an overriding government interest.'"
Id at 278-79 (citing Employment Div. v. Rogue Valley Youth for Christ,307 Or 490, 498, 770 P2d 588 (1989)).
Plaintiff cites numerous scriptures from the old and new testament of the Bible, which he construes as prohibiting the swearing or taking any oath. Using dictionary definitions and early published judicial opinions, Plaintiff argues that an oath calls upon God to witness what is said, with an immediate sense of responsibility to God, which implicates the vengeance of God if the oath is false. (Ptf's Memo at 6.) Using those same sources, plus early statutes from other states, Plaintiff argues that oaths and affirmations are synonymous (i.e., that an oath includes an affirmation). (Ptf's Memo at 7.) Plaintiff, therefore, argues that the statutory requirement of an "affirmation" violates his constitutional rights of religious freedom. Plaintiff feels similarly about the declaration on the form that mandates he assure the truthfulness of his statements "under the *Page 8 
penalties of false swearing in ORS 305.990(4)." The court accepts at face value Plaintiff's characterization of his religious doctrine and beliefs. Thomas v. Review Bd. of Indiana Employment Security Div., 450 US 707, 716, 101 S Ct 1425, 67 LEd2d 624 (1981) (stating "Courts are not the arbiters of scriptural interpretation.").
The statute and the reporting form burden Plaintiff's religious freedom; that is particularly true of the return, which contains the swearing requirement Plaintiff finds religiously offensive. Any interference with religious freedom caused by the statute here at issue is, nonetheless, incidental rather than direct, because many of the individuals and organizations who file personal property tax returns have no religious affiliation or beliefs, and enforcement of the reporting requirement therefore does not always burden religious freedom. Accordingly, the court's inquiry is whether the statute — ORS 308.290(2)(c) — or the form prescribed thereunder, are essential to accomplish an overriding governmental interest. Meltebeke, 120 Or App at 279.
Defendant offered no explanation for the interest advanced by the statute, or the form it requires taxpayers to complete and submit in order for the assessor to establish a value and determine the tax due. However, in Employment Div. v. Rogue Valley Youth for Christ, 307 Or 490,499, 770 P2d 588 (1989) (Rogue Valley), a case dealing with a law that exempted only some religious organizations from paying the state's unemployment compensation taxes, the Oregon Supreme Court concluded that "[t]here are few governmental tasks as important as providing for the economic security of its citizens."[4] *Page 9 
The statute here at issue involves Oregon's property tax system. Specifically, ORS 308.290 requires persons who own taxable personal property to file a return each year reporting the value of that property, including additions and retirements since the last return was filed, along with associated costs and the date of acquisition or retirement. That information is used by the assessor to determine the taxable value of the property, and to calculate the tax due.
The state has an overriding interest in obtaining accurate information from taxpayers about their taxable personal property in order to establish a value for property tax purposes, which leads directly to the calculation of the tax imposed. However, the department's form is not essential to advance the state's interest in fairly taxing its citizens to provide for the common good.
"A law that burdens the free exercise of religion is not essential, unless it represents the least restrictive means available to advance the overriding governmental interest." Meltebeke, 120 Or App at 279 (citingState ex rel. Juv. Dept. v. Tucker, 83 Or App 330, 334, 731 P2d 1051
(1987)). The statute requires an "affidavit" or "affirmation" on the return. The department's form, on the other hand, requires the taxpayer to declare "[u]nder the penalties of false swearing in ORS 305.990(4)[5]."
Webster's defines the term "affidavit" as "a sworn statement in writing made esp. under oath or on affirmation before an authorized magistrate or officer." Webster's Third New Int'l Dictionary 35 (unabridged ed. 2002). The word "affirmation" is defined as the "act of affirming, asserting as true, or confirming: a positive assertion." Id. Finally, the word "affirm" is defined in Webster's as follows: "1 a: VALIDATE, CONFIRM * * * b: TO STATE POSITIVELY OR WITH CONFIDENCE: DECLARE AS A FACT: ASSERT TO BE TRUE." *Page 10 
The declaration on the department's form closely resembles an affidavit, in that it requires a "sworn statement in writing under * * * affirmation". The only missing element is that it need not be "before an authorized magistrate or officer." After years of having his return accepted without a signature, the assessor, on the advice of the department, rejected Plaintiff's return without attempting to negotiate some form of compromise, such as an "affirmation" that Plaintiff could, in good conscience, accept. Again, Plaintiff's objection, as the court understands it, is with the requirement that he "swear" to the truthfulness and accuracy of the information on the return and attachments thereto, not that the information be true and accurate. An affirmation simply requires the party to "validate" or "confirm," or "to state positively * * * [or] "declare as a fact [or] assert[] to be true." Plaintiff was willing to do that.
The department's form, and the action the department and the assessor took in response to Plaintiff's submission of his form, did not represent the least restrictive means available to advance the government's overriding interest in accurate reporting. Meltebeke, 120 Or App at 279. Plaintiff submitted the form with the declaration crossed out and the words "I don't swear," in the signature block. The parties spoke about the matter on the phone, and one of the assessor's employees then consulted with a department employee. Their conclusion was that the signature was mandatory. There was apparently no consideration of alternatives. Based on that consultation, Defendant then returned Plaintiff's personal property return (form) to him with a letter explaining that the assessor's office had contacted the department, and a department employee advised the assessor that the form is not complete without a signature. Defendant did not offer Plaintiff an alternative method by which he could confirm or declare that the information was true. *Page 11 
Although it is not the court's position to determine what would constitute the "least restrictive" means for the government to avoid violating a taxpayer's constitutionally guaranteed religious freedoms,Meltebeke, 120 Or App at 279-280, the statutory authority for an affirmation, as opposed to an affidavit, is less restrictive and would have satisfied Plaintiff's firmly held religious concerns. Thus, while the form may not be unconstitutional on its face, [6] as applied, Plaintiff's constitutional rights under Article I, section 3, of the Oregon Constitution were violated.
 III. CONCLUSION
Based on the foregoing, the court concludes that Plaintiff's return, under the circumstances, was valid, albeit late, and that a penalty of five percent should have been imposed, per ORS 308.296(2). Having determined that Defendant violated Plaintiff's constitutional rights under Article I, section 3, of the Oregon Constitution, the court need not address Plaintiff's federal constitutional claim. However, Plaintiff's request for an award of court costs, attorney's fees, and other expenses, is denied. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted in part and denied in part, with Defendant's penalty reduced from 50 percent to five percent; and *Page 12 
IT IS THE FURTHER DECISION OF THIS COURT that Plaintiff's request for costs, fees, and expenses, is denied.
Dated this ___ day of January 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on January 13,2009. The Court filed and entered this document on January 13, 2009.
[1] Plaintiff submitted the two-page form, with 12 additional pages listing his taxable business property. The attached listing included notations on several items that had been converted to private use, damaged and no longer used, sold, etc. The last page of his equipment listing includes 15 items acquired in 2006, with costs ranging from a few hundred dollars to thousands of dollars.
[2] All references to the Oregon Revised Statutes (ORS) are to 2005.
[3] As is shown by the dictionary definitions of the words "affidavit" and "affirmation" appearing later in this decision, an affidavit is a sworn statement.
[4] The issue in Rogue Valley was whether the state could impose unemployment compensation taxes on a non church-affiliated religious organization, but exempt churches and church-affiliated organizations from that tax. After concluding that the distinction between churches and other religious organizations was unconstitutional, the court concluded that the legislature would have chosen to include all religious organizations in the unemployment compensation program (i.e., subject them all to the unemployment tax). Employment Div, 307 Or at 497. And, that its (the court's) construction of Oregon's employment compensation tax scheme did not offend Article I, section 3 of the Oregon Constitution. Id. at 499.
[5] The "penalties of false swearing" found in ORS 305.990 include "a fine of not more than $1,000 or by imprisonment for not more than one year in the county jail, or both."
[6] As explained in the body of this decision, the statute, ORS308.290(2)(c), provides for either an "affidavit" or an "affirmation," and the form requires something akin to an affidavit. It may not violate the statute, but the form would be less objectionable on constitutional grounds if it advised taxpayers that they should contact the assessor's office if they had objections to the form of the declaration on religious grounds. *Page 1